IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL JACKSON,

   Petitioner,

   v.

CHRIS TYLER,
CIRCUIT COURT MARYLAND,
SALISBURY POLICE,

   Respondents.

Civil Action No.: JRR-25-3774

**MEMORANDUM AND ORDER**

Petitioner Nathaniel Jackson, a pre-trial detainee at Wicomico County Detention Center, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 17, 2025. ECF No. 1. Jackson also filed a Motion to Proceed in Forma Pauperis which shall be granted. ECF No. 2.

Jackson challenges the decision of the Circuit Court for Wicomico County to deny him release on bond pending trial. Petitioner argues he was doing well on home detention and requires same to run his business, care for his family, and care for his service dog. ECF No. 1. His trial attorney has filed two motions for release on bond in his criminal case, the most recent of which was denied on November 26, 2025. *See State v. Jackson*, Case No. C-22-CR-25-000362 (Wicomico Co. Cir. Ct.). The docket does not reflect that Jackson pursued a state habeas corpus petition and then appealed a denial of that petition to the Appellate Court of Maryland as authorized by MD. CODE ANN., CTS. & JUD. PROC. § 3-707 (West 2023). *Id*.

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is

established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying court intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Here, there are procedures in place to protect Jackson's rights that have not been accessed or utilized. Therefore, he has failed to exhaust available state remedies.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1) (Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court; or . . . the final order in a proceeding under section 2255"). A certificate of appealability must be considered in this case because the Petition challenges a detention arising out of state court process..

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would

2

find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jackson fails to meet this standard and the court declines to issue a certificate of appealability. Jackson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 9th day of December, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis IS GRANTED;
2. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;
3. A certificate of appealability SHALL NOT ISSUE;
4. The Clerk SHALL PROVIDE a copy of this Order to Jackson; and
5. The Clerk SHALL CLOSE this case.

/S/

_____
Julie R. Rubin
United States District Judge